NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3197

RAY D. LEWELLING,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED:  December 13, 2005

_____

Before LINN, DYK, and PROST, Circuit Judges.

PER CURIAM.

Ray D. Lewelling ("Lewelling") petitions this court for review of the final decision by the Merit Systems Protection Board ("MSPB" or "Board") denying his appeal of the decision of the Department of the Air Force ("Air Force" or "agency") to remove him from federal service based upon his unacceptable performance.  Lewelling v. Dep't of the Air Force, No. DA0752040105-I-1 (M.S.P.B. Apr. 29, 2005) ("Final Decision").  We affirm.

## I.  BACKGROUND

On September 15, 2003, the agency issued a notice of proposed removal to Lewelling who was employed as a machinist.  The notice stated that the reason for the proposed action was Lewelling's delay in carrying out assigned work in a reasonable

period of time. Seven specific projects were cited. On November 13, 2003, the agency issued its notice of decision to remove.

Thereafter, Lewelling appealed to the Board and on February 23, 2004, the administrative judge conducted a hearing where several witnesses, including the machine shop supervisor and Lewelling's supervisor corroborated the agency's charge that Lewelling failed to complete his assigned duties within a reasonable amount of time. Both supervisors testified that the work should have taken no longer than the time cited in the notice of proposed removal. Furthermore, his supervisor testified that she took into account excused absences in assessing the timeliness of Lewelling's work.

The administrative judge found that the agency's witnesses were more credible than Lewelling's witnesses. Furthermore, the administrative judge noted that even Lewelling's witnesses acknowledged that excused absences from his assignments should have taken no more than a few hours and failed to support Lewelling's contention that the assigned tasks should have taken days, instead of hours, to complete. The administrative judge further found that Lewelling failed to prove his affirmative defense of retaliation for testifying in another case since one person evaluating Lewelling credibly stated that she did not know that Lewelling testified in this other case and another credibly stated that she did not know whether Lewelling testified for or against the agency. Finally, the administrative judge determined that the penalty of removal was reasonable and appropriate, applying the factors set forth in Douglas v. Department of Veterans Affairs, 5 M.S.P.R. 280 (1981). The administrative judge weighed the seriousness of the offenses, Lewelling's prior disciplinary history of two fourteen-day suspensions, and Lewelling's years of service.

Lewelling thereafter petitioned the full Board for review, and on April 29, 2005, the Board denied Lewelling's petition and the initial decision became final decision of the Board. Lewelling timely sought review in this court. We have jurisdiction to review the Board's decision pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. Standard of Review

This court's standard of review of the Board is highly deferential. We must sustain the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995). Furthermore, the scope of review for penalty determinations is especially narrow. This court will not overturn a penalty unless it is "totally unwarranted or grossly disproportionate to the misconduct." Mazares v. Dep't of the Navy, 302 F.3d 1382 (Fed. Cir. 2002). Moreover, when reviewing performance determinations by an agency, this court gives "deference to the judgment by each agency of the employee's performance in light of the agency's assessment of its own personnel needs and standards." Rogers v. Dep't of Def. Dependents Sch., 814 F.2d 1549, 1552-53 (Fed. Cir. 1987).

### B. Analysis

On appeal, Lewelling challenges the factual findings of the Board, argues that "[t]he agency violated rules + [sic] regulations and fabricated statements," and asks this court to "[r]everse the lower courts [sic] decision and restore backpay [sic], promotions,

05-3197                                    3

benefits, and any other actions that will make me whole in the condition I would have been had I not been removed." In support of his argument, Lewelling first maintains that the Board incorrectly decided and failed to take into account certain facts, namely that "[d]ue to the negligence of the union, all of my evidence given to them was not presented to the arbitrator." Lewelling additionally argues that the Board applied the wrong law, and that the Board "did not consider any grounds for relief." Finally, Lewelling maintains that the Board's decision was wrong because "[a]t no time did the agency provide evidence to support their claim" and that "[d]uring the hearing, my first-line supervisor . . . admitted that the accusations were not accurate."

In response, the agency maintains that substantial evidence supports the Board's decision. The agency notes that the Board properly considered and weighed the testimony of both the agency's witnesses and Lewelling's witnesses, that the Board found the agency's witnesses to be more credible, and that the testimony by Lewelling's witnesses was consistent with the agency's position and did not support Lewelling's argument regardless. The agency also disputes Lewelling's argument that his supervisor's testimony supported his position, noting that the record does not support this contention but instead that the testimony supported the agency's position. The agency points out that Lewelling himself testified at the hearing, as did seven witnesses that Lewelling called.

We conclude that the administrative judge's determinations are supported by substantial evidence, including the testimony by both the agency's witnesses and Lewelling's witnesses. It is not this court's function to reweigh evidence or redetermine the credibility of witnesses, and we review the Board's decision under a highly

deferential standard. Lewelling's broad statements and allegations with regard to whether the Board applied the wrong law or considered important grounds for relief are unsubstantiated by citations to the record or reliance on controlling case law. Moreover, Lewelling's argument that his union representative failed to present evidence is unsupported by the record. We conclude that Lewelling's arguments do not provide a sufficient basis to overturn the Board's decision, and we therefore affirm.

COSTS

No costs.